In the matter of the VINELAND TRUST COMPANY, in charge of the commissioner of banking and insurance, under the provisions of chapter 171 of the laws of 1913.

[Decided February 18th, 1931.]

*Mr. Herbert C. Bartlett,* for Vineland Trust Company.

*Mr. Russell S. Henderson,* for a committee representing certain stockholders of the Vineland Trust Company.

*Mr. Albert R. McAllister,* for Frank H. Smith, commissioner of banking and insurance of New Jersey.

INGERSOLL, V. C.

On the 11th day of June, 1930, the doors of the Vineland Trust Company were closed and the commissioner of banking and insurance therewith took possession of the property and business of said trust company.

On the 7th day of October, 1930, the Tradesmen's Bank and Trust Company of Vineland, New Jersey, made to the said commissioner, in writing, an offer to purchase the real estate owned by the Vineland Trust Company, on Landis avenue, in the borough of Vineland, Cumberland county, New Jersey, comprising the banking house, store and office building adjacent thereto, the frame dwelling in the rear of these buildings, together with the banking fixtures and equipment, the title department and the records and equipment pertaining thereto, and the good will of the trust department, for the sum of $100,000 in cash, and to purchase, at par, all mortgages and notes now held by the Vineland Trust Company, which, in the opinion of its board of directors, have a present worth equal to the face value thereof, to the amount

of $400,000, or such other sum as shall represent such face value of such securities in excess of such sum of $400,000.

Thereafter, on the 23d day of December, 1930, the said commissioner of banking and insurance filed a duly verified petition, praying this court to authorize and permit the acceptance of such offer of the Tradesmen's Bank and Trust Company. An order to show cause was advised, returnable on the 27th day of January, 1931, notice thereof being duly published in newspapers printed and circulating at Vineland, in this state.

On the 22d day of January, 1931, a committee of the stockholders of said Vineland Trust Company applied to the commissioner of banking and insurance and submitted a proposition for the rehabilitation of said trust company, which proposition the said commissioner of banking and insurance declined to approve. On the return day, January 27th, 1931, representatives of the said committee of the stockholders appeared and through their solicitor, Albert A. F. McGee, Esquire, applied for a continuance of said hearing, alleging that they were endeavoring to obtain financial support which would enable them to make or cause to be made a greater offer than that of the Tradesmen's Bank and Trust Company. Said hearing was thereupon continued until Friday, the 6th day of February, 1931, at Millville, in the county of Cumberland. Testimony, however, was taken as to the value of said real estate.

Prior to the said 6th day of February, 1931, the said committee relieved Mr. McGee of the duty of further representing it, and at the time of the hearing on said February 6th, Russell S. Henderson, Esquire, of Bridgeton, New Jersey, represented said committee, requesting further adjournment upon three particular grounds—first, that he had so recently been called into the case that he was unable to prepare himself in the matter; secondly, that the committee was still negotiating for the financial support necessary for them to proceed; and thirdly, that the said committee had been unable to obtain from the representatives of the commissioner of banking and insurance the details concerning the assets of the trust company in liquidation.

All of these reasons were considered by me as unsubstantial. Four months had elapsed since the offer of the Tradesmen's Bank and Trust Company was made, and by due diligence, the committee would have had sufficient time to have taken up the matter. The continuance was, therefore, refused, and all persons interested were notified by the court to express their reasons for the acceptance of such offer or any objections they might have thereto, in person or by counsel. The only material objection presented was that the real estate and the good will of the title and trust department should be of greater value than $100,000. The committee of the stockholders above referred to requested an opportunity to present a statement which had been by them prepared in writing, although this committee was represented by counsel, who announced that he had presented all of the matters he had been called upon to do. I again announced that the matter was open, permitting any person interested to be heard. The committee then read a written statement, in which they specifically appeared as "not in opposition to offer made by Tradesmen's Bank, and submits that unless circumstances and facts warrant otherwise, that Tradesmen's Bank offer be approved and accepted," and end their statement by saying: "The committee feels that it was its duty to present the desire and hope of the group of depositors which it represents, also the sentiment of a majority of the stockholders of the Vineland Trust Company—that the bank building, and facilities, good will and assets, be preserved to the depositors as a body—in preference to liquidation thereof, and further feels that it dare not shoulder the sole responsibility of requesting an adjournment or dismissal of the offer made by the Tradesmen's Bank."

The recommendation of the commissioner of banking and insurance, together with the testimony of the value of the real estate, heard by me, together with the statements made by interested parties before me in open court, convinces me that it is the duty of this court to approve the acceptance of the offer, and I will advise an order in accordance with these views.